## MARTIN & TURNER v. CONTINENTAL CHAIN CORP.

### Civ. No. 12514.

United States District Court,
E. D. Pennsylvania.

June 16, 1953.

Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Ralph S. Croskey, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter having come on for trial before the Court without a jury, upon consideration of pleadings and proof the Court makes the following

### Findings of Fact.

1. Plaintiff is a California corporation engaged in the business of buying and selling chain; defendant is a New Jersey corporation engaged in the business of manufacturing chain.

2. The amount in controversy, exclusive of interest and costs, exceeds $3,000.

3. On July 24, 1950, as a result of telephone conversations, defendant, by telegram, offered to sell plaintiff 500 tons ¾ inch close link chain at 4½¢ per pound east coast plus galvanizing.

4. On July 25, 1950, by telegram, plaintiff confirmed purchase of 500 tons ¾ inch close link proof coil chain in new factory condition at 4½¢ per pound f. a. s. east coast.

5. On July 25, 1950, plaintiff sent defendant Purchase Order No. 9485 for 100 tons ¾ inch proof coil close link, self-colored chain at 4½¢ per pound f. a. s. Philadelphia in new factory condition and to suit specifications. On the same date, plaintiff sent to defendant its check for $5,000 as a deposit to be applied against the purchase price of said order.

6. On July 27, 1950, defendant acknowledged, in writing, receipt of Purchase Order No. 9485 and the deposit of $5,000.

7. On August 7, 1950, plaintiff sent defendant a further deposit of $4,000, thus making a total of $9,000 as a deposit on account of deliveries under the sale described in Findings of Fact Nos. 3 and 4.

8. On August 28, 1950, plaintiff sent defendant Purchase Order No. 09641 for 400 tons ¾ inch proof coil chain at 4½¢ per pound f. a. s., chain to be guaranteed in new condition and to suit specifications. Of the Contract of July 24–25, 1950 for 1,000,000 pounds of chain, defendant, on order of plaintiff, shipped to, and plaintiff accepted and paid for 190,488 pounds of chain.

9. On December 8, 1950, the parties agreed, after the shipments set forth in the preceding finding of fact, to increase the purchase price to 7½¢ per pound for black chain, or 10¢ per pound if galvanized, and defendant further agreed to accept against Purchase Orders Nos. 9485 and 09641 specifications for 300,000 pounds BBB chain at 7½¢ per pound, f. o. b. Fieldsboro, New Jersey.

10. On December 8, 1850, under Contract No. 44972, plaintiff sold to the United States Navy 300,000 pounds of black chain at a net price of 12.3¢ per pound to be delivered to Norfolk, Virginia, free of freight.

11. On December 21, 1950, plaintiff sent defendant Purchase Order No. 10006 for 300,000 pounds of chain, welded, BBB coil, close link, steel black, at 7½¢ per pound f. o. b. Fieldsboro, N. J. to be shipped to Norfolk Naval Shipyard, Norfolk, Virginia.

12. Defendant never delivered any of the chain which it contracted to sell plaintiff for the use of the United States Navy under Contract No. 44972.

13. Plaintiff completed Contract No. 44972 with the United States Navy by purchases from third parties, totalling 300,000 pounds, during the period from February

15, 1952 to May 23, 1952, at a cost to plaintiff of $38,169.96, on which purchases plaintiff earned a discount of $1,330, or a net replacement price to the plaintiff of $36,839.96.

14. Under date of December 19, 1950, defendant sold to plaintiff 17,900 pieces of ¾ inch chain of various lengths at 10½¢ per pound to be delivered to St. Pierre Chain Corporation of Worchester, Massachusetts, for the use of the United States Navy. This sale was confirmed by Purchase Order of plaintiff, No. 10005, under date of December 20, 1950, for 250 tons, and pursuant to said order as modified from time to time defendant shipped to St. Pierre on plaintiff's account a total of 532,426 pounds, between January 23, 1951 and June 4, 1951, for which shipments plaintiff owes defendant a balance of $7,841.44.

15. On January 11, 1951, under Contract TC–1153, plaintiff sold to the United States Army 793,000 pounds of galvanized chain at a price of 16.1¢ per pound to be delivered to Lathrop, California, free of freight.

16. On January 11, 1951, plaintiff purchased from defendant 500,000 pounds of ¾ inch galvanized chain at 99¢ per foot less 3½¢ per pound, or a net cost of 12.6¢ per pound; seller to assume shipping charges to Lathrop, California.

17. On March 5, 1951, plaintiff orally directed defendant to commence delivery to the Army at Lathrop, California, under the contract set forth in Finding of Fact No. 16.

18. On June 18, 1951, plaintiff notified defendant that the Army was insisting on a definite delivery schedule under Contract TC–1153. The shipping instructions referred to in the preceding finding of fact were given for the purpose of fulfilling Contract TC–1153.

19. On July 2, 1951, defendant gave to the plaintiff the following letter addressed to the U.S. Army Transportation Corps, Lathrop, California:

"Gentlemen: Reference: Contract
"DA–04–197–TC–1153
"With reference to the above mentioned Contract calling for one hundred and thirty thousand feet of ¾" galvanized chain, please be advised that this material will be shipped the galvanizer at the rate of fifty tons per week beginning the week of July 2nd. Delivery from the galvanizer will be effected the week after delivery to them—therefore, beginning the week of the 9th of July you can expect to receive the shipment on the basis of fifty tons per week.
"Respectfully,
"Continental Chain Corporation
"(signed) J. H. Powell"

20. On July 2, 1951, defendant gave to the plaintiff the following letter addressed to the Navy Department, Bureau of Supplies & Accounts, Los Angeles, California:

"Gentlemen: Reference: Navy Contract
"383–155–D
"44972
"With reference to the above mentioned contract calling for one hundred and fifty tons of ¾" BB chain.
"The first fifty tons of the material under this contract will be shipped not later than July 5th and an additional fifty tons will be shipped on the 12th and on the 19th day of July—therefore, completing the contract before the close of the month of July.
"Respectfully,
"Continental Chain Corporation
"(signed) J. H. Powell"

21. The letters referred to in Findings of Fact Nos. 19 and 20 fixed a definite delivery schedule for the fulfillment of the aforesaid Army and Navy contracts.

22. By letter dated July 23, 1951, defendant attempted to impose a further condition upon the contract of January 11, 1951, by insisting that plaintiff furnish to it a definite delivery schedule approved by both the Army and the Navy.

23. At the time the letter of July 23, 1951 was written, defendant was in default of deliveries under the schedules of deliveries contained in its letters of July 2, 1951 to the Army and to the Navy.

24. Defendant breached the Contract of July 24–25, 1950 by its failure to deliver 300,000 pounds of chain under plaintiff's

Order No. 10006 to Norfolk Naval Shipyard, Norfolk, Virginia. Plaintiff was damaged by said breach in the amount of $12,580.46 computed as follows:

| | | |
|---|---|---|
| Replacement cost (less discount) | | $36,839.96 |
| Less: | | |
| Contract Price | $22,500.00 | |
| Cost of transportation | 1,759.50 | |
| | | 24,259.50 |
| Loss to plaintiff | | $12,580.46 |

25. Defendant breached the Contract of January 11, 1951 by its failure to make deliveries to the United States Army at Lathrop, California. Plaintiff sustained a loss of profit by reason of said breach in the amount of $17,500 computed as follows:

| | | |
|---|---|---|
| Sale price to Army— Contract TC–1153 | $.161 | pound |
| Contract price | .126 | |
| Loss of profits, per pound | $.035 | |
| 500,000 pounds @ $.035 | ....$17,500.00 | |

26. Plaintiff has failed to establish by a preponderance of the evidence what agreement, if any, existed between the parties respecting delivery by defendant of the balance of 293,000 pounds necessary to complete plaintiff's Contract TC–1153 with the United States Army.

27. Plaintiff has proved damages in the total amount of $30,080.46 resulting from defendant's breach of contract in failing to deliver chain.

Under Contract of July 24–25, 1950

| | |
|---|---|
| Loss on 300,000 pounds for Navy (Purchase Order No. 10006) | $12,580.46 |

Under Contract of January 11, 1951

| | |
|---|---|
| Loss of profits on 500,000 pounds for Army (Letter January 11, 1951) | 17,500.00 |
| Total damage ....... | $30,080.46 |

28. In addition to the foregoing, plaintiff is entitled to the return of $9,000 maintained as a deposit with defendant.

29. Defendant is entitled to a setoff in the amount of $7,841.44 due to it from plaintiff on account of deliveries on the St. Pierre Contract.

30. Plaintiff is entitled to judgment in the amount of $31,239.02 computed as follows:

| | |
|---|---|
| Damages | $30,080.46 |
| Deposit | 9,000.00 |
| | 39,080.46 |
| Less setoff on St. Pierre Contract | 7,841.44 |
| | $31,239.02 |

With interest from July 24, 1951

31. Plaintiff did not maintain at all times a deposit of $9,000 with the defendant as it was required to do under the Contract of July 24–25, 1950, but plaintiff's failure to do so was not an inducing cause of defendant's breach.

32. Plaintiff was not in default with respect to the maintenance of a $9,000 deposit with defendant at the time of the institution of this suit.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. Defendant breached the Contract of July 24–25, 1950, by failure to deliver chain to the United States Navy pursuant to plaintiff's shipping instructions.

3. Defendant breached the Contract of January 11, 1951, by failure to deliver chain to the United States Army pursuant to plaintiff's shipping instructions.

4. Defendant's breach was not excused nor was it caused by plaintiff's failure to maintain at all times a deposit in the amount of $9,000 with the defendant.

5. Plaintiff is entitled to recover for loss directly and naturally resulting from defendant's breach.

6. Plaintiff has established loss resulting from the defendant's breach in the amount of $30,080.46.

7.  Plaintiff is entitled to the return of deposit of $9,000, less setoff to defendant in the amount of $7,841.44.

8.  Plaintiff is entitled to judgment in the amount of $31,239.02 with interest from July 24, 1951.